UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-000163-RJC-DCK

| | |
|---|---|
| EBONY JOI FAULKENBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NOVANT HEALTH, INC., ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on pro se Plaintiff Ebony Joi Faulkenberry's Motion for Default Judgment. (Doc. No. 4). Plaintiff filed this action on March 17, 2023, and filed the instant motion on May 1, 2023, without moving for an entry of default. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Mary Kay Kane & Adam N. Steinman, *Federal Practice and Procedure (Wright & Miller)* § 2682 (4th ed. Apr. 2023 update); *accord AAA v. J & T Body Shop, Inc.*, No. 3:10-cv-00189-RJC-DCK, 2011 U.S. Dist. LEXIS 126050, at *2 (W.D.N.C. Oct. 31, 2011) (Conrad, J.) ("In order to obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)."). Plaintiff failed to seek an entry of default under Rule 55(a) before moving for default judgment, and thus, her motion is "procedurally improper." *See Heard v. Caruso*, 351 F. App'x 1, 16 (6th Cir. 2009).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 4), is **DENIED.**

Signed: October 11, 2023

Robert J. Conrad, Jr.
United States District Judge